UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
NEAL PATEL,                                                                    **DOCKET NO.: CV-17-2455**

                                   Plaintiff,

                 -against-


INCORPORATED VILLAGE OF OLD BROOKVILLE,
OLD BROOKVILLE VILLAGE POLICE DEPARTMENT,
POLICE  OFFICER MICHAEL J. MARINO, in his                      **COMPLAINT**
official and individual capacity, POLICE OFFICER
THOMAS LAMB, in his official and individual
capacity, COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT POLICE OFFICER WILLIAM
REAVY, in his official and individual capacity, OFFICERS
"JOHN DOE 1-10" in his/her individual capacity,

                                   Defendants.                         ***Jury Trial is Demanded***
---------------------------------------------------------------------X

   **PLAINTIFF, NEAL PATEL,** by and through his attorneys, The Law Offices of Frederick

K. Brewington, as and for his Complaint does state and allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

   1.  This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought

pursuant to 42 U.S.C. § 1983 abuse of process, and malicious prosecution.

   2.  Specifically, the Plaintiff alleges that the Defendants (collectively and individually)

negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive

Plaintiff of his Constitutional rights, pursuant to the above mentioned statutes and causes of action

by committing acts under color of law and depriving the Plaintiff of rights secured by the United

States Constitution and laws of the State of New York.

3.      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully stopped, wrongfully detained, illegally and unconstitutionally seized, arrested, intentionally and imprisoned, falsely accused, harassed, defamed and maliciously charged Plaintiff, NEAL PATEL.

4.      Plaintiff alleges that the Defendants (collectively and individually) were negligent in their failure conduct a proper investigation, or intentionally refused to consider exculpatory information and evidence known and made known to them.  Furthermore, the Defendants knew or should have known about the existence of said exculpatory evidence, but failed to review the evidence in violation of the Plaintiffs' constitutional and civil rights.

5.      Defendants recklessly breached their duties of care with respect to their interactions with, and treatment of Plaintiff as described herein.

6.      Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers, employees, representatives, and/or agents. Additionally, Defendants are liable to the Plaintiff for abuse of process, fabricating evidence and for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the individual Defendants, and by maliciously failing to investigate, abusing process, wrongfully and maliciously prosecuting Plaintiff.

7.      As a result of the Defendants' actions (or lack thereof), Plaintiff was arrested, and improperly caused to be prosecuted without basis. The Plaintiff was also wrongfully forced and subjected to lengthy and costly criminal proceedings, prosecution and trial. Furthermore, Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, lost income, loss of employment, loss of employment potential,

medical expenses and other cost/expenses.

## JURISDICTION AND VENUE

11.     The jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343.

12.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

13.     Venue in the Eastern District of New York is proper under 28 U.S.C. §1391, based on the fact that Plaintiff resides in Nassau County. Furthermore,   the  place where the events and violations herein alleged occurred was in Nassau County.

14.     On or about July 22, 2016, Plaintiff timely and properly served a Notice of Claim on the Village of Old Brookville, Old Brookville Police Department, County of Nassau, and Nassau County Police Department in compliance with General Municipal law § 50 et. seq. and CPLR 215 as against each municipal Defendant. More than 30 days  have elapsed and Defendants have failed and refused to pay or adjust same.

15.     Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

16.     During all times mentioned in this Complaint, the Plaintiff NEAL PATEL (hereinafter "PLAINTIFF" OR "MR. PATEL") was and still is a resident of the  United States, residing in the County of Nassau, State of New York.

17.     During all times mentioned in this Complaint, Defendant INCORPORATED VILLAGE OF OLD BROOKVILLE (hereinafter the "VILLAGE") is a duly constituted municipal corporation of the State of New York, and is/was the employer of the named Police Officers.

3

18.     Defendant OLD BROOKVILLE VILLAGE POLICE DEPARTMENT(hereinafter"
BROOKVILLE P.D.") is an agency of INCORPORATED VILLAGE OF OLD BROOKVILLE.

19.     During all times mentioned in this Complaint, Defendant COUNTY OF NASSAU
(hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York,
and is/was the employer of the named Police Officers.

20.     Defendant NASSAU COUNTY POLICE DEPARTMENT  (hereinafter "COUNTY
P.D.") is an agency of COUNTY OF NASSAU.

21.     During all times mentioned in this Complaint, Defendant MICHAEL J. MARINO,
P.O. Shield No.: 1236, Serial No.: 236 (hereinafter "MARINO") is a Police Officer employed by the
VILLAGE and/or BROOKVILLE P.D., and is sued herein in his official and individual capacities,
was acting in furtherance of the scope of his employment, acting under color of law, to wit under
color of statutes, ordinances, regulations, policies, customs and usages of the State of New York.

22.     During all times mentioned in this Complaint, Defendant THOMAS LAMB, P.O.
Shield No.: 1170, Serial No.: 170 (hereinafter "LAMB") is a Police Officer employed by the
VILLAGE and/or BROOKVILLE P.D., and is sued herein in his official and individual capacities,
was acting in furtherance of the scope of his employment, acting under color of law, to wit under
color of statutes, ordinances, regulations, policies, customs and usages of the State of New York.

23.     During all times mentioned in this Complaint, Defendant WILLIAM J. REAVY
Shield No.: 670, Serial No.: 7359 (hereinafter "REAVY") is a Police Officer employed by the
COUNTY and/or COUNTY P.D., and is sued herein in his official and individual capacities, was
acting in furtherance of the scope of his employment, acting under color of law, to wit under color
of statutes, ordinances, regulations, policies, customs and usages of the State of New York.

4

24.     During all times mentioned in this complaint the Defendants, and each of them, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

## FACTUAL ALLEGATIONS

25.     Plaintiff NEAL PATEL is a resident of Nassau County.

26.     MR. PATEL is the owner and operator of NBP Insurance Brokerage, Inc. MR. PATEL also serves on the Planning Board of the Village of Old Brookville.

27.     On or about March 22, 2014, at approximately 1:26 p.m. at or around the vicinity of the intersection of Wheatley Road and Cedar Swamp Road in the Village of Old Brookville, Nassau County, State of New York, MR. PATEL and his nine-year-old son were lawfully driving on their way back home from a pizza parlor.

28.     While driving, MR. PATEL was involved in a serious automobile accident, which ultimately totaled his car. The impact of the collision caused both the passenger and the driver side air bags to be deployed.

29.     Defendant MARINO arrived at the scene of the accident in or about five minutes of the accident.

30.     Upon his arrival, Defendant MARINO approached MR. PATEL's vehicle, and asked him to step out of the vehicle. MR. PATEL stepped out of the vehicle, followed Defendant MARINO to the rear of his car believing that Defendant MARINO was going to prepare an accident

5

report.

31.    As he got of the damaged automobile, MR. PATEL asked Defendant MARINO "What about my son?" because the child was still in the damaged car.  In response Defendant MARINO stated that MR. PATEL's son "could stay right there." Expressing his concerns for the safety of his son, MR. PATEL stated "no, he can't stay there. He's in the middle of the intersection in a car . . . and there's no one protecting him.  My wife is not there. No one is there."

32.    Dismissing MR. PATEL's concern for the safety of his nine year old son, Defendant MARINO responded "I'm telling you. You leave him there and come with me," to which PLAINTIFF responded "I'm not leaving him there."

33.    Defendant MARINO then took PLAINTIFF further away from his car, to an area across the street from his car, and began giving MR. PATEL a field sobriety test.

34.    Defendant MARINO asked PLAINTIFF if he had a drink, to which MR. PATEL responded that he drank a club soda with lime during lunch.

35.    Although MR. PATEL continued to express his concerns for the safety of his son, his concerns were ignored by Defendant MARINO.

36.    As part of the first physical instruction given to MR. PATEL by Defendant MARINO, Defendant MARINO held a pen in front of MR. PATEL, and instructed him to watch the tip of the pen. Concerned about the safety of his son, who remained in the wrecked automobile alone, MR. PATEL could not concentrate on the instructions given him by Defendant MARINO.

37.    Defendant MARINO stated to MR. PATEL that he was not doing the test properly, to which MR. PATEL responded "I want to get my son out of the car."  Defendant MARINO continued to ignore MR. PATEL's pleas.

38.    Defendant MARINO instructed MR. PATEL to cross the road farther away from his automobile.  MR. PATEL was then instructed to walk straight heel-to-toe – on a curved line – in the road, and stand on his left leg and raise his right hand up.  Because his leg and arm was injured in the accident, MR. PATEL could not perform the task to walk on the line, nor put pressure on his leg, or raise his arm.

39.    PLAINTIFF's son remained in the damaged automobile alone, with no one to assist him.

40.    As a result of the accident, MR. PATEL's right elbow and left leg was injured and he asked to be taken to the hospital.  MR. PATEL requested to be seen by one of the  three paramedics who were present at the scene.  His request was denied.

41.    Because he could not perform the sobriety tasks,  and because he continued to insist that he be permitted to get his son out of the automobile, Defendant MARINO placed MR. PATEL under arrest, and placed him in the patrol car.

42.    At all times, Defendant Police Officers were aware that MR. PATEL committed no crimes and the allegations that they were making were false.

43.    Defendants MARINO and LAMB transported MR. PATEL to the BROOKVILLE Police Station.

44.    Upon arrival at the BROOKVILLE Police Station, Defendants MARINO and LAMB learned that there was no intoxilyzer available to conduct a further breath analysis for MR. PATEL.

45.    Defendants MARINO and LAMB transported MR. PATEL to Nassau County Central Testing at the COUNTY P.D., headquarters in Mineola, New York to conduct a further breath analysis.

46.     Upon information and believe, more than two (2) hours after MR. PATEL's arrest, while at the COUNTY P.D. headquarters, Defendant REAVY pulled a device from his pocket, and instructed PLAINTIFF to blow into the device.

47.     Upon information and belief, Defendant REAVY informed PLAINTIFF that he blew a .24, on the device he removed from his pocket.  Upon being told this information, PLAINTIFF stated that he wanted to do the test against, because there was something wrong.

48.     PLAINTIFF asked to see the printout of the Breathalyzer machine, but Defendant REAVY denied PLAINTIFF's request. PLAINTIFF wanted to see the machine's results as he did not have a drink of alcohol that day.

49.     PLAINTIFF asked to be given a blood test, as he *never* drank any alcohol that day. Defendant REAVY denied PLAINTIFF's request telling him that the reading of the machine was what the Officers go by.

50.     At or about 4:30 p.m. – three (3) hours after the automobile accident –  Defendant Police Officers, REAVY, MARINO, and LAMB took PLAINTIFF to Nassau University Medical Center so that PLAINTIFF's injuries could be attended to.

51.     While at the hospital, PLAINTIFF again requested that he be given a blood test. PLAINTIFF'S request was denied.

52.     Upon his discharge from the emergency room, PLAINTIFF was taken back to the BROOKVILLE P.D., so that Defendant MARINO could complete his arrest paperwork.

53.     MR. PATEL was later transferred back to the COUNTY P.D. where he stayed until his arraignment on March 23, 2014.

54.     MR. PATEL was charged, indicted by a Grand Jury,  and tried for the committing the

8

following violations of the law:

  Count 1: VTL. §1192.2-a(b) - operating a motor vehicle while under the influence of alcohol
      or drugs, with a child - Class "D" felony
  Count 2: VTL. §1192.2(a)(b) - aggravated driving while intoxicated
  Count 3: VTL. §1192.2 - operating a motor vehicle while under the influence of alcohol
  Count 4: VTL. §1192.3 - operating a motor vehicle while under the influence of alcohol
  Count 5: PL §260.10 - endangering the welfare of a minor
  Count 6: Pl §120.00 - assault in the third degree
  Count 7: PL §120.00(2) - assault in the third degree
  Count 8: PL §120.00(2) - assault in the third degree

55. MR. PATEL was subjected to over two (2) years of malicious prosecution.

56. Defendant Officers along with other members/officers of BROOKVILLE P.D. and COUNTY P.D., wrote and gave false statements and testimony, provided false police reports, tampered with evidence, fabricated evidence, intimidated MR. PATEL, arrested MR. PATEL, accused Mr. Patel of crimes which he did not commit, prosecuted MR. PATEL, subjected MR. PATEL to a malicious abuse of criminal process, abused process, wrote and submitted false investigation/reports, and/or provided false information in furtherance of an official investigation into the incident.

57. Following his arrest, seizure, malicious prosecution, abuse of process, and various violations of civil rights and constitutional rights of MR. PATEL, by the collective Defendants, MR. PATEL was acquitted of all criminal charges on April 28, 2016.

## AS AND FOR COUNT ONE
## 42 U.S.C. §1983 - MALICIOUS PROSECUTION

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as though fully set forth herein.

59.     Defendant Officers MARINO, LAMB and REAVY, along with other members/officers of the BROOKVILLE P.D. and the COUNTY P.D., acting under color of law, wrote and gave false statements and testimony, provided false police reports, tampered with evidence, fabricated evidence, intimidated MR. PATEL, arrested MR. PATEL, accused Mr. Patel of crimes which he did not commit, prosecuted MR. PATEL, subjected MR. PATEL to a malicious abuse of criminal process, abused process, wrote and submitted false investigation/reports/ and/or provided false information in furtherance of an official investigation into the incident

60.     Defendants VILLAGE, COUNTY, MARINO, LAMB and REAVY, acting under color of law, maliciously caused to be commenced, and continued, a criminal prosecution against MR. PATEL that was terminated in Plaintiff's favor.

61.     On or about March 22, 2014, at approximately 1:26 p.m. at or around the vicinity of the intersection of Wheatley Road and Cedar Swamp Road in the Village of Old Brookville, Nassau County, State of New York. MR. PATEL and his nine-year-old son were lawfully driving on their way back home from a pizza parlor.

62.     While driving home, MR. PATEL was involved in a serious automobile accident, which ultimately totaled his car. The impact of the collision caused both the passenger and the driver side air bags to be deployed.

63.     Defendant MARINO arrived at the scene of the accident approached MR. PATEL's vehicle, asked MR. PATEL for his identification, and asked him to step out of the vehicle.

64.     Defendant MARINO gave MR. PATEL a Standard Field Sobriety Tests, which MR. PATEL could not complete.

65.     MR. PATEL explicitly told Defendant MARINO that his right elbow and his left leg

was injured.    Rather than attend to MR. PATEL's injuries and medical needs, Defendant MARINO

arrested MR. PATEL, falsely charging him with driving while intoxicated, with his son in the car,

in violation of the Vehicle and Traffic Law.

66.    At all times, Defendant Police Officers were aware that MR. PATEL committed no

crimes and the allegations that they were making were false.

67.    While at the COUNTY P.D. headquarters, Defendant REAVY denied MR. PATEL's

offer to submit to a blood test to prove that he was not intoxicated.

68.    Defendant Officers along with other members/officers of BROOKVILLE P.D. and

COUNTY P.D., wrote and gave false statements and testimony, provided false police reports,

tampered with evidence, fabricated evidence, intimidated MR. PATEL, arrested MR. PATEL,

accused Mr. Patel of crimes which he did not commit, prosecuted MR. PATEL, subjected MR.

PATEL to a malicious abuse of criminal process, abused process, wrote and submitted false

investigation/reports, and/or provided false information in furtherance of an official investigation

into the incident.

69.    As a result, MR. PATEL was charged,  and tried for the numerous crimes, including,

but not limited to, driving under the influence with a child in the car in violation of Vehicle and

Traffic Law §1192.2-a(b), which is a Class "D" felony, punishable by two - seven (2-7) years in

prison.

70.    Mr. Patel was arrested and subjected to over two years of malicious prosecution.

71.    Following his arrest, seizure, malicious prosecution, abuse of process, and various

violations of civil rights and constitutional rights of MR. PATEL, by the collective Defendants, MR.

PATEL was acquitted of all criminal charges on April 28, 2016.

72.     Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

73.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

74.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense, damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within Complaint.

75.     That by reason of the foregoing, Plaintiff has been subjected to emotional damages, distress, pain, suffering, public humiliation and embarrassment, and was prevented from attending his work and business for a period time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR COUNT TWO
### MALICIOUS PROSECUTION
### SUPPLEMENTAL JURISDICTION

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth

herein.

77.     Defendants and each of them, acting under color of law, intentionally caused to be commenced, and continued, a criminal prosecution against Plaintiff.

78.     As a result, MR. PATEL was charged,  and tried for the numerous crimes, including, but not limited to, driving under the influence with a child in the car in violation of Vehicle and Traffic Law §1192.2-a(b), which is a Class "D" felony, punishable by two - seven (2-7) years in prison.

79.     Mr. Patel was arrested and subjected to over two years of malicious prosecution.

80.     Following his arrest, seizure, malicious prosecution, abuse of process, and various violations of civil rights and constitutional rights of MR. PATEL, by the collective Defendants, MR. PATEL was acquitted of all criminal charges on April 28, 2016.

81.     Defendants committed the foregoing acts intentionally, and with careless disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

82.     That by reason of the foregoing, Plaintiff has been subjected to emotional damages, distress, pain, suffering, public humiliation and embarrassment, and was prevented from attending his work and business for a period time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AND AS FOR COUNT THREE
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

83.     Plaintiff, repeats reiterates and realleges each and every allegation contained in paragraphs 1 through 82 of this Complaint, with the same force and effect as though fully set forth herein.

84.     Defendants' accusations and allegations against Plaintiff were false, malicious, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of government as well as an abuse of process.

85.     That the arrest, imprisonment, prosecution and violation of Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

86.     That by reason of the foregoing, Plaintiff has been subjected to emotional damages, distress, pain, suffering, public humiliation and embarrassment, and was prevented from attending his work and business for a period time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## PUNITIVE DAMAGES

87.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 86 of this Complaint with the same force and effect as though fully set forth herein.

14

88.     The acts of the individual Defendants MARINO, LAMB and REAVY complained of herein were willful, and malicious. They each, collectively and individually, acted with callous disregard, recklessness and deliberate indifference toward the rights of the PLAINTIFF, and without concern for the damage they would cause.

89.     Defendants MARINO's, LAMB's and REAVY's acts were motivated by a desire to harm PLAINTIFF without regard for PLAINTIFF's well-being and were based on a lack of concern and ill will towards PLAINTIFF.  Such acts therefore deserve an award of Seven Million ($7,000,000.00) Dollars as punitive damages.

**WHEREFORE,** the Plaintiff demands judgement against the Defendants:

a)      On Count One in the sum of Five Million ($5,000,000.00) Dollars;

b)      On Count Two in the sum of Five Million ($5,000,000.00) Dollars;

c)      On County Three in the sum of Five Million ($5,000,000.00) Dollars;

d)      Punitive damages in the sum of Seven Million ($7,000,000.00) Dollars;

e)      Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

f)      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

g)      Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees.

**A JURY TRIAL IS HEREBY DEMANDED**.

15

Dated: Hempstead, New York
     April 24, 2017

                                    LAW OFFICES OF
                                    FREDERICK K. BREWINGTON

By:     */S/ Frederick K. Brewington*
                 FREDERICK K. BREWINGTON
               *Attorneys for Plaintiff*
               556 Peninsula Boulevard
               Hempstead, New York  11550
               (516) 489-6959

16