| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

BEFORE: STEVEN I. LOCKE			DATE: 12/11/24
       U.S. MAGISTRATE JUDGE		TIME: 1:30 pm

CASE: **CV 17-2544(SIL) Patel v. Incorporated Village of Old Brookville et al**

TYPE OF CONFERENCE:   MOTIONS IN LIMINE	FTR: 1:34-1:47; 1:58-3:42
APPEARANCES:
    For Plaintiff:   Frederick Brewington, Oscar Holt and Albert Manuel

    For Defendant: Kenneth Pitcoff and Cristina Soller
                         Richard Finkel and Jacqueline Giordano

**THE FOLLOWING RULINGS WERE MADE:**

☒ ORDER: The parties' motions in limine, DE [116], [117], [118], [119], [120], are granted in part and denied in part as follows:

    As to Defendant Reavy's motion, and consistent with the colloquy on the record:

1. Plaintiff will be permitted to testify about his personal experience with the breathalyzer, but not as to scientific workings that would require an expert.
2. There will be no expert testimony.
3. Evidence of the criminal jury verdict will be admitted, though not speculation of the jury's activities.
4. Prior complaints about Defendant Reavy are excluded under FRE 401 & 403.
5. Defendants may not ask Plaintiff about comments made in private by Plaintiff to his wife.
6. Plaintiff may not testify about what Nurse Khan said. Nurse Khan may be deposed and testify at the trial in September 2025 and Defendants may subpoena hospital records for this purpose.
7. Decision is reserved as to the testimony about the second breathalyzer and blood test.
8. As to witnesses not identified on initial disclosures, the motion is denied without prejudice. That being said, no witnesses will be permitted to testify at trial other than Nurse Khan except those identified in the pretrial order.
9. Plaintiff will not mention indemnification or the "County Attorneys" or "Village Attorneys".
10. Plaintiff will be permitted to testify about his damages, pecuniary, compensatory, etc.
11. Plaintiff will not seek specific dollar amounts to the jury.
12. John Does 1-10 are dismissed as Defendants.
13. Plaintiff will not be prevented from using certain characterizing language in opening or closing statements, the Defendants may object as appropriate in real time.
14. Richard Tuck, MD will be permitted to testify on consent as a treating physician. Dr Tuck may be deposed prior to trial.
15. Plaintiff will not be permitted to introduce prior transcripts/testimony into evidence except as otherwise consistent with the FRE.

16. The affidavit of Mr. Brunetti is excluded as hearsay.
17. The Complaint will not be offered into evidence.
18. The Swope exhibits will be permitted to be offered into evidence subject to proper authentication (and other specific objections if appropriate) with the caveat that Plaintiff will be held to the representations in his motion papers about what will not be offered.

As to Defendant Marino's motion in limine, and consistent with the colloquy of the record:

1. The jury will be instructed on the relevance of the earlier acquittal to a favorable outcome, and that the burden to establish probable cause is different.  See below about addressing the instruction.
2. The evidence concerning officer Marino's past discipline is precluded under FRE 401 and 403.
3. The rulings concerning Nurse Khan are incorporated by reference.
4. The rulings concerning indemnification and reference to the "County" and "Village" attorneys are incorporated by reference.
5. The rulings concerning pecuniary and economic damages are incorporated by reference.
6. The John Doe Defendants are dismissed.
7. Plaintiff may offer statements by the officers as party admissions.
8. Plaintiff may offer testimony about Officer Marino's driving.
9. Plaintiff may offer testimony about his son being left in the car.
10. The same ruling concerning the second breathalyzer and blood test is incorporated by reference.
11. Dylan Patel will be permitted testify at trial.
12. Sangit Patel will be permitted to testify at trial.
13. The ruling concerning testimony about a phone conversation between Plaintiff and his wife is incorporated by reference.
14. The ruling concerning Richard Tuck, M.D. is incorporated by reference.
15. The ruling concerning prior testimony is incorporated by reference.
16. The Complaint will not be submitted into evidence.
17. The rulings concerning the Swope exhibits is incorporated by reference.
18. No policies will be offered into evidence.
19. Plaintiff will not be permitted to testify about Officer Marino flirting with a nurse.
20. Evidence about Officer Lamb's 1990 command discipline is granted (and precluded) on consent.

The two depositions addressed above (Khan and Tuck) will be completed no later than June 30, 2025.

Plaintiff's motion in limine as to Defendants offering evidence of intoxication is denied.

Jury selection will commence September 2, 2025 at 930am.

      The parties will be permitted to submit further briefing on evidence concerning a second breathalyzer and blood test. Defendants will serve their 3-page letter motion on January 13, 2025. Opposition will be served on January 27, 2025. Reply will be served on February 3, 2025. All papers will be filed on February 4, 2025 with a courtesy copy to chambers.

      The parties will meet and confer no later than February 14, 2025 about an appropriate jury charge addressing the difference between the burdens at a criminal trial to establish guilt and the burden to establish probable cause in this case. The parties will submit a joint charge on February 28, 2025 on this topic or a blackline version establishing what language is in dispute.

**COURT APPEARANCES:**
The following conference(s) will be held in courtroom 820 of the Central Islip courthouse:

    **9/2/25 at 9:30 am**          : **Jury Selection and Trial**

                              SO ORDERED

                              /s/Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge